RECEIPT # 55885
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-11-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONSTANCE FULLERTON  *
and CHARLES FULLERTON,  *
                      *
        Plaintiffs    *
                      *
vs.                   *   PLAINTIFFS CLAIM
                      *   TRIAL BY JURY
GENERAL MOTORS        *
CORPORATION,          *
                      *   04 - 10931 REK
        Defendant     *

## COMPLAINT

MAGISTRATE JUDGE Cohen

### PRELIMINARY ALLEGATIONS

1. That plaintiff Constance Fullerton resides at 367 Park Street, Livermore Falls, Maine.

2. The defendant General Motors Corporation is a foreign corporation with a principal place of business in Detroit, Michigan, but does business in Massachusetts.

3. At all times herein concerned, the defendant General Motors Corporation was engaged in the design, development, testing, manufacture, assembly, marketing, inspection, promotion, advertising, sale and distribution of the Cadillac vehicles, including the 1990 Cadillac Coupe DeVille.

4. The plaintiffs' cause of action arises from the defendant's (1) transacting business in Massachusetts, (2) contracting to supply goods in Massachusetts, and/or (3) committing tortious acts in Massachusetts.

5. Jurisdiction is based on diversity of citizenship and the amount in controversy is in excess of jurisdictional limits.

**COUNT I:** (Negligence)

6. On or about April 16, 2002, plaintiff Constance Fullerton was caused to sustain severe and permanent personal injuries when the 1990 Cadillac DeVille which she had been operating struck her when she walked in back of the vehicle.

7. The injuries sustained by plaintiff were the direct and proximate result of the carelessness and negligence of the defendant as follows:

    a. Defendant negligently designed, tested, developed, manufactured, assembled, marketed, inspected, promoted, advertised, sold and distributed said vehicle;

    b. Defendant negligently failed to warn, or instruct, or adequately warn, or adequately instruct plaintiff of the dangerous and defective properties of said vehicle;

    c. Defendant negligently disposed of said vehicle, placing it in the channels of trade, when they knew or with reasonable care should have known said vehicle was in a dangerous and defective condition, defective in nature and design; and defendant negligently placed said product in the channels of trade in a manner in which the defendant foresaw or in the exercise of reasonable care should have foreseen, would come into contact with persons such as the plaintiff, who were ignorant of the dangerous and defective nature of the product, and defendant negligently failed to use reasonable care to prevent injury to such persons, including the plaintiff.

    d. Defendant negligently failed to properly design, test and manufacture the components of the transmission of the vehicle.

8. As a direct and proximate result of the negligence of the defendants, plaintiff has been caused to sustain severe and permanent injuries including but not limited to severe burn injuries. She has lost the use of major portions of her body. She has lost the ability to live a normal and happy life. She has and will require in the future extensive medical and surgical care. She has lost the use of bodily functions.

    WHEREFORE, plaintiff demands judgment against the defendant in a full, fair and reasonable amount, plus all interests and costs.

**COUNT II:** (Strict Liability)

9. The plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 8 in Count I as though fully set forth herein.

10. Defendant placed into the stream of commerce the said vehicle which was in a defective condition and unreasonably dangerous when put into its intended or foreseeable use.

11. Said vehicle reached the ultimate user without significant change from the condition in which it was sold by the defendant.

12. Plaintiff was a person foreseeably affected by the use of said vehicle.

13. As a proximate result of the defective and unreasonably dangerous condition of said vehicle, including the absence of appropriate warnings and instructions, the plaintiff suffered the injuries described hereinabove and the defendant is therefore strictly liable to the plaintiff for such injury and resultant damages.

WHEREFORE, plaintiff demands judgment against the defendant in a full, fair and reasonable amount, plus all interests and costs.

## COUNT III: (Breach of Implied Warranty)

14. The plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 though 13 as though fully set forth herein.

15. By selling or offering said vehicle for sale, the defendant impliedly warranted that the said vehicle was of merchantable quality, fit for its intended use, and safe to persons, including plaintiff, foreseeably affected by its use.

16. The said vehicle was used at all times material hereto without significant change from the condition in which it was sold by defendant herein despite the fact that it was not fit for its intended purpose and was not safe for persons foreseeably affected by its use.

17. As a proximate result of the breach of the implied warranties by the defendant, plaintiff suffered the injuries and damages described hereinabove.

WHEREFORE, plaintiff demands judgment against the defendant in a full, fair and reasonable amount, plus all interests and costs.

## COUNT IV: (Breach of Express Warranty)

18. The plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 as though fully set forth herein.

19. Defendant, by its acts and those of its agents, expressly warranted to plaintiff that it was safe to use said vehicle when in fact it was not safe.

20. As a proximate result of breach of such express warranties by the defendant, plaintiff suffered the injuries and damages described hereinabove.

WHEREFORE, plaintiff demands judgment against the defendant in a full, fair and reasonable amount, plus all interests and costs.

### COUNT V:  (Punitive Damages)

21. The plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff's injuries were the direct and proximate result of the defendant's willfulness, reckless and maliciousness in connection with the design, development, testing, manufacture, assembly, marketing, inspection, promotion, advertising, sale and distribution of said vehicle.

23. As the direct and proximate result of the defendant's willfulness, reckless and wantonness, the plaintiff was caused to sustain the damages described herein.

WHEREFORE, plaintiff demands judgment against the defendant in a full, fair and reasonable amount, plus all interests and costs.

### COUNT VI:  (Loss of Consortium)

24. The plaintiff Charles Fullerton is the husband of Constance Fullerton. He resides with his wife at 367 Park Street, Livermore Falls, Maine.

25. The plaintiff Charles Fullerton repeats and realleges the allegations of paragraphs 1-23 as though fully set forth herein.

26. As a direct and proximate result of the negligence, strict liability, breach of warranty and recklessness of defendant herein, the plaintiff Charles Fullerton has lost the love, services, companionship and society of his wife Constance and has undertaken the care and nursing of his wife all to her great damage.

WHEREFORE, plaintiff demands judgment against the defendant in a full, fair and reasonable amount, plus all interests and costs.

PLAINTIFFS CLAIM TRIAL BY JURY.

The Plaintiffs,
By Their Attorneys,

*/s/ Alan L. Cantor*
_____
Edward M. Swartz
BBO #489540
Alan L. Cantor
BBO #072360
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
617-742-1900