IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSTANCE FULLERTON<br>And CHARLES FULLERTON<br><br>    Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>    Defendants. | **ANSWER OF**<br>**GENERAL MOTORS CORPORATION**<br><br>**CASE: 04-10931 REK**<br><br>**JURY DEMANDED** |

Defendant General Motors Corporation, for its Answer to plaintiffs' Complaint herein:

Defendant General Motors Corporation denies each and every allegation of plaintiffs' Complaint, except those allegations specifically admitted, qualified, or otherwise answered hereinafter.

1. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 1 of the Complaint.

2. In answer to paragraph 2 of the Complaint, admits only that General Motors Corporation is a Delaware corporation, with its principle place of business in Detroit Michigan, and that its products are sold in Massachusetts.

3. Admits, in answer to paragraph 3 of the Complaint, that its business includes the design, manufacture and testing, in part, final assembly, and marketing of automobiles including 1990 Cadillac Coupe DeVilles.

4. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 4 of the Complaint.

5. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 5 of the Complaint.

6. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 6 of the Complaint.

7. Specifically denies the allegations in paragraph 7 of the Complaint.

8. Specifically denies the allegations in paragraph 8 of the Complaint.

9. Incorporates, in answer to paragraph 9 of the Complaint, its answers previously given to paragraphs 1 through 8 of the Complaint.

10. Specifically denies the allegations in paragraph 10 of the Complaint.

11. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 11 of the Complaint.

12. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 12 of the Complaint.

13. Specifically denies the allegations in paragraph 13 of the Complaint.

14. Incorporates, in answer to paragraph 14 of the Complaint, its answers previously given to paragraphs 1 through 13 of the Complaint.

15. Alleges, in answer to paragraph 15 of the Complaint, that the only warranty extended by General Motors Corporation in connection with the subject vehicle was an exclusive written warranty provided to the original purchaser of the vehicle at the time of its initial retail sale.

16. In response to paragraph 16 of the Complaint, alleges that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations with respect to changes in condition of the vehicle, and specifically denies the remainder.

17. Specifically denies the allegations in paragraph 17 of the Complaint.

18. Incorporates, in answer to paragraph 18 of the Complaint, its answers previously given to paragraphs 1 through 17 of the Complaint.

19. Alleges, in answer to paragraph 19 of the Complaint, that the only warranty extended by General Motors Corporation in connection with the subject vehicle was an exclusive written warranty provided to the original purchaser of the vehicle at the time of its initial retail sale.

20. Specifically denies the allegations in paragraph 20 of the Complaint.

21. Incorporates, in answer to paragraph 21 of the Complaint, its answers previously given to paragraphs 1 through 20 of the Complaint.

22. Specifically denies the allegations in paragraph 22 of the Complaint.

23. Specifically denies the allegations in paragraph 23 of the Complaint.

24. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 24 of the Complaint.

25. Incorporates, in answer to paragraph 25 of the Complaint, its answers previously given to paragraphs 1 through 23 of the Complaint.

26. Specifically denies the allegation in paragraph 26 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Alleges that plaintiffs' Complaint, in whole or in part, fails to state a claim against this defendant upon which relief may be granted.

2. Alleges that venue is improper pursuant to U.S.C. 28 §§1391 and 1404 based on the following facts which General Motors Corporation alleges based on information and belief:

        a.     The incident alleged in plaintiffs' Complaint occurred in the State of Maine.

        b.     Plaintiffs are citizens and residents of the State of Maine.

        c.     The subject vehicle was not sold in Massachusetts, but was sold in Maine.

        d.     Plaintiffs allege only that General Motor Corporation transacts business in Massachusetts, but allege no contacts between the Plaintiffs, the incident, or General Motors Corporation within the Commonwealth of Massachusetts which would make venue in Massachusetts proper. Consequently, the appropriate venue is in the State of Maine.

3.     Alleges that the damages, if any, sustained by plaintiffs were caused or contributed to by plaintiffs' own negligence, carelessness or other fault.

4.     Alleges that the damages, if any, sustained by plaintiffs were caused by the negligence, fault, or carelessness of others over whom General Motors Corporation exercises no control and for whose actions General Motors Corporation is not legally responsible.

5.     Alleges that if Massachusetts law applies, then the damages allegedly sustained by plaintiffs were caused or contributed to by the acts, omissions, or fault of the plaintiffs, including comparative negligence pursuant to Mass. Gen. Laws ch. 231, § 85, misuse or abuse of the vehicle, or failure to mitigate damages, and that such acts, omissions or fault bar or diminish plaintiffs' right to recover in any amount.

6.     Alleges that the vehicle was manufactured and sold in accordance with the state of the art and in compliance with administrative, industry, regulatory or statutory standards or schemes which were applicable to the vehicle at the time of its manufacture and sale.

7. Alleges that the injuries alleged in plaintiffs' Complaint were caused by an intervening or superseding act or acts over which GM had no control and for which GM has no liability.

8. Alleges that plaintiffs' damages may have been caused by misuse of the vehicle or by modification or alteration of the vehicle and its parts.

9. Alleges that plaintiffs' claim for strict liability is not supported by Massachusetts law. Swartz v. General Motors Corp., 375 Mass. 628, 631, 378 N.E.2d 61, 64 (1978).

10. Alleges that plaintiffs' claim for punitive damages violates the constitutions of the State of Maine, the Commonwealth of Massachusetts, and the United States of America, and is not supported by Maine or Massachusetts law.

11. Alleges that plaintiffs' Complaint should be dismissed on the grounds of forum non conveniens.

WHEREFORE, defendant General Motors Corporation prays for judgment dismissing plaintiffs' Complaint and awarding this defendant its costs and disbursements herein.

DEFENDANT GENERAL MOTORS HEREBY DEMANDS TRIAL BY JURY

Respectfully submitted,
GENERAL MOTORS CORPORATION
By its attorneys

Richard p. Campbell, BBO #071600
Steven M. Key, BBO #638145
Campbell Campbell Edwards & Conroy,
Professional Corporation
One Constitution Plaza
Boston, MA 02129
(617) 241.3000

Dated: August 9, 2004.