IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSTANCE FULLERTON and CHARLES FULLERTON<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | **DEFENDANT GENERAL MOTORS CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>**CASE: 04-10931 REK** |

General Motors Corporation submits the following Memorandum in support of its Motion to Transfer Venue:

**INTRODUCTION**

This case presents product liability claims arising out of an accident involving a 1990 Cadillac Coupe DeVille. Plaintiffs allege that Constance Fullerton sustained personal injury when the vehicle which she was driving struck her when she walked in back of the vehicle. See Plaintiffs' Complaint at ¶ 2. Plaintiffs sued General Motors Corporation in the United States District Court, District of Massachusetts. Plaintiffs allege jurisdiction in this case is based on diversity of citizenship. See Complaint at ¶ 5. Plaintiffs are residents and citizens of Livermore Falls, Maine. See Plaintiffs' Complaint at ¶¶ 1, 24. The accident at issue in this case occurred in Maine, at the plaintiffs' residence. See Statement of Charles H. Fullerton, attached to Affidavit of Mickey W. Greene ("Greene Aff.") as Exhibit B. Emergency personnel, responding from the Livermore Falls Fire Department, were called to the Fullerton residence at time the accident was discovered. See Livermore Falls Fire Department Run Sheet, attached to Greene Aff. as Exhibit C. The plaintiffs allege only that General Motor Corporation transacts business in

Massachusetts. Plaintiffs allege no contacts between the plaintiffs, the incident, or General Motors Corporation within the Commonwealth of Massachusetts which would make venue in Massachusetts convenient for the parties or witnesses. See Complaint at ¶ 4.

**LAW AND ARGUMENT**

I. **THE COURT SHOULD TRANSFER THIS CASE TO THE DISTRICT COURT FOR THE DISTRICT OF MAINE, WHERE THE ACCIDENT HAPPENED AND PLAINTIFFS AND ALL RELEVANT WITNESSES RESIDE.**

   A. **Venue in Maine is Proper.**

   The federal change of venue statute, 28 U.S.C. § 1404(a) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The venue analysis under section 1404(a) requires the Court to first determine whether the case could have been brought in the district where the defendant seeks to transfer the matter, in this case to Maine. Trans Nat'l Travel v. Sun Pac. Int'l, 10 F. Supp. 2d 79, 81 (D. Mass. 1998). "To make such a determination, the Court must apply the venue statute, 28 U.S.C. § 1391." Id. Under section 1391(a)(2), venue is proper in a diversity case in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In this case, the accident, which is the basis of plaintiffs' claims, occurred in Maine. Therefore, venue would be proper in Maine.

   B. **Plaintiff's Choice of Venue is Not Dispositive as the Plaintiffs Did Not Choose to Bring Their Case in Plaintiffs' 'home court.'**

   Although there is a presumption in favor of plaintiff's choice of forum and the defendant has the burden of showing that the transfer is warranted, where the "plaintiff is not bringing suit on its 'home turf,' plaintiff's choice of forum carries less weight." Transamerica Corp. v. Trans-American Leasing Corp., 670 F. Supp. 1089, 1090 (D. Mass. 1987). (Citations omitted.) In this

2

case, plaintiffs are residents and citizens of Maine, not Massachusetts where they seek to bring suit. Thus, "plaintiff has not bought suit in its 'home court,' and therefore its choice of forum, while meaningful, is not dispositive." Id. Further, the convenience of the parties and witnesses, and the interest of justice clearly outweigh plaintiffs' preference in bringing this action in Massachusetts, when plaintiffs reside in Maine, the accident giving rise to their claims occurred in Maine, and important witnesses, including the emergency responders are all located in Maine.

### C. Transfer to Maine is Proper Considering the Convenience of the Parties, the Convenience of the Witnesses and the Interests of Justice.

"In making its transfer determination, under Section 1404, the Court must next consider three factors: (a) the convenience of the parties; (b) the convenience of the witnesses; and (c) the interest of justice." Trans Nat'l Travel v. Sun Pac. Int'l, 10 F. Supp. 2d 79, 81 (D. Mass. 1998).

In this case, it could not be clearer that the convenience of the parties and the witnesses, and the interests of justice support the Court's transfer of this case to Maine. The plaintiffs reside in Maine, not Massachusetts. The accident underlying plaintiffs' complaint occurred at plaintiffs' residence in Livermore Falls, Maine. Emergency personnel responded from the local Livermore Falls Fire Department. Other official personnel and witnesses also likely reside in Maine. Presumably, to the extent plaintiff received and continues to receive medical treatment, most if not all of those witnesses would reside in Maine. There simply does not appear to be any reason for plaintiffs to have bought this case in Massachusetts except, possibly, for the convenience of plaintiffs' counsel.

Finally, the interests of justice support transfer of this lawsuit to Maine. The State of Maine has an interest in resolving this lawsuit where plaintiffs were Maine residents at the time of the accident, and the accident which caused plaintiffs' injuries occurred in Maine. Plaintiffs continue to reside in Maine and any long term losses that they experience will be experienced in

Maine. The Commonwealth of Massachusetts simply has no connection to the parties, the accident, the witnesses, the emergency responders, or any other factor which would be relevant to the determination of the issues in this case. The resources of this Court should not be consumed on a matter with no substantial connection to this forum. The case should be transferred to the jurisdiction most concerned with its outcome, Maine. See <u>Trask v. Service Merchandise Co. Inc.</u>, 135 F.R.D. 17, 21 (D. Mass. 1991), where the court stated that no legally relevant connection with Massachusetts that suggested that the case should be tried in Massachusetts existed, and that the connection between the case and Maine was compelling, where no potential witness resided in Massachusetts, including the plaintiff; the sale of the bicycle which was the subject of the pending action occurred in Maine; all potential witnesses who observed the allegedly defective brake assembly resided in Maine; and the plaintiff received all medical treatment in Maine. Therefore, under 28 U.S.C. § 1404(a), transfer of this lawsuit to the District of Maine is proper.

**CONCLUSION**

For the foregoing reasons, General Motors Corporation requests that this Court transfer this lawsuit from the District of Massachusetts to the District of Maine.

Respectfully submitted,  
GENERAL MOTORS CORPORATION  
By its attorneys  

_____  
Richard P. Campbell, BBO #071600  
Steven M. Key, BBO #638145  
Campbell Campbell Edwards & Conroy,  
Professional Corporation  
One Constitution Plaza  
Boston, MA 02129  
(617) 241.3000

Dated: August 23, 2004.

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 23, 2004.

_____
Steven M. Key