UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-10931 REK

CONSTANCE FULLERTON      *
and CHARLES FULLERTON,   *
                         *
         Plaintiffs      *
                         *
vs.                      *
                         *
GENERAL MOTORS           *
CORPORATION,             *
                         *
         Defendant       *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO MOTION OF DEFENDANT
GENERAL MOTORS CORPORATION TO TRANSFER VENUE**

## I. INTRODUCTION

This action arises out of an incident that occurred on April 16, 2002, in which plaintiff Constance Fullerton was seriously injured when her 1990 Cadillac went from "park to reverse" and ran her over in her driveway in Livermore Falls, Maine. The defendant General Motors Corporation has moved to transfer the case to the district of Maine, basically claiming that since the plaintiffs are Maine residents and the incident occurred in Maine, Maine is a more convenient forum for this action. Defendants ignore, however, that the vehicle was originally sold in Massachusetts, that important witnesses presumably are located in Massachusetts, and that Massachusetts is a convenient forum for

this action. Defendant has therefore failed to meet its heavy burden of showing that Maine is a much more convenient forum for the action. The motion to transfer should therefore be denied.

## II. FACTS RELEVANT TO THE INSTANT MOTION

On April 16, 2002, at approximately 10:10 p.m., 56-year-old Constance Fullerton returned home from doing a "Home Interior" show at a friend's home. She was operating the family's 1990 Cadillac Coupe DeVille. As Mrs. Fullerton pulled into her driveway in Livermore Falls, Maine, she noticed that two rakes had been left out in the yard. See Report to NHTSA, attached as Exhibit "A". She pulled into her driveway and placed the vehicle in "park". She got out of her vehicle, retrieved the rakes and began to walk toward her house. As she walked in back of the vehicle, the vehicle suddenly moved from "park to reverse" and struck her, knocking her to the ground. She became trapped under the vehicle.

Charles Fullerton, her husband, was in the house asleep and did not hear his wife's screams. She was trapped under the running vehicle until he woke up some seven hours later. During those seven hours, Mrs. Fullerton's abdominal area was pinned against the burning hot undercarriage of the vehicle. By the time she was found, Mrs. Fullerton had suffered catastrophic burns to her abdominal wall area and other injuries. Mr. Fullerton moved the vehicle away from his wife and called the local fire department, which transported Mrs. Fullerton to the hospital. She was severely and permanently injured in the incident.

The Fullertons notified General Motors of the incident and, after counsel was retained, the parties agreed on a protocol for a tear-down of the vehicle. The tear-down occurred on March 19, 2003, and was attended by counsel and experts for both parties. The attendance sheet for the tear-down is attached as Exhibit "B". In addition to the ESIS insurance representative, the following persons attended the tear-down:

- Plaintiffs' counsel from Swartz & Swartz in Boston;
- Defendant's counsel from Campbell, Campbell, Edwards & Conroy in Boston;
- Plaintiffs' expert Neil Mizen from Illinois;
- Plaintiffs' expert Thomas Bush from New England Fire Cause & Origin in New Hampshire;
- Defendant's expert Dave McKendry from GM in Michigan.

Investigation has established that the 1990 Cadillac Coupe DeVille which is the subject of this action was originally sold in Massachusetts by a Massachusetts General Motors dealer, George O'Hara Chevrolet-Cadillac, Inc., located in New Bedford, Massachusetts (Exhibit "C"). The vehicle was originally purchased by Dina Lee, a resident of Fairhaven, Massachusetts. See Exhibit "D". The plaintiffs have not yet determined the interim owners of the vehicle, but it was ultimately purchased by the Fullertons in 1992.

In this motion to transfer venue to the district of Maine, defendant alleges merely that the plaintiffs reside in Maine, the incident occurred in Maine and emergency personnel from the Livermore Falls Fire Department responded to the incident.

## III. **ARGUMENT**

## DEFENDANT HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT CONSIDERATIONS OF CONVENIENCE AND EFFICIENCY STRONGLY FAVOR LITIGATING THIS CASE IN MAINE

This circuit recognizes a "strong presumption in favor of plaintiff's choice of forum". Coady v. Ashcraft & Gerel, 223 F.3d 1 (1st Cir. 2000), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). The burden of proof rests with the party seeking transfer. Id. "The defendant must bear the burden of proving...that considerations of convenience and judicial economy strongly favor litigating the claim in the alternative forum". Champion Exposition Services, Inc. v. Hi-Tech Electric LLC, 273 F. Supp. 172, 180 (D. Mass. 2003), citing Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir. 1996). "The plaintiff's choice of forum will be disturbed only rarely". Id. The plaintiff should not be deprived of his chosen forum unless the inconvenience to the defendant is oppressive or vexatious. See Reebok International, Ltd. v. Dunkadelic, Inc., 2004 WL 413266 (D. Mass.).

Pursuant to these standards, the defendant in the present case has failed to make the necessary showing to overcome plaintiffs' choice of forum. Other than Mrs. Fullerton, there were no witnesses to the incident. Other than Mr. Fullerton, no one was present at the scene when Mrs. Fullerton was found and the vehicle moved away from her. The Fullertons have chosen to bring this action in Massachusetts. While local fire department personnel transported Mrs. Fullerton from the scene, defendant fails to establish that these personnel may provide any significant testimony. The vehicle was originally sold in Massachusetts. For at least part of the vehicle's history, it was utilized and presumably

serviced in Massachusetts by Massachusetts residents. None of the expert witnesses or attorneys are located in Maine and Massachusetts is at least an equally convenient forum for the experts. While medical information is located in Maine, major portions of plaintiff's records have already been provided to defendant pursuant to the local rules of this court and the rest may be easily subpoenaed pursuant to applicable federal rules. In short, defendant has completely failed to establish that Maine is a more convenient forum, much less a clearly more convenient forum in which to litigate this action.

This court has recently set forth the following applicable standards in ruling on a motion to transfer venue:

> Ordinarily, a strong presumption favors the plaintiff's choice of forum, and the burden of proving that a transfer is warranted is upon the defendant. *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). In determining whether or not to transfer venue, a court must consider several factors, "while bearing in mind the fact that plaintiff's choice of forum is entitled to great weight". *Brookfield Machine, Inc. v. Calbrit Design*, 929 F. Supp.. 491, 501 (D. Mass. 1996) (internal citations omitted).

Home Products International-North America, Inc. v. Peoplesoft USA, Inc., 201 F.R.D. 42, 48 (D. Mass. 2001) (transfer appropriate in light of forum selection cause in contract). Further, this court has indicated that a party seeking transfer must "specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail". Atari v. United Parcel Service, Inc., 211 F. Supp.2d 360, 362 (D. Mass. 2002), quoting Brant Point v. Poetzsch, 671 F. Supp. 2, 5 (D. Mass. 1987). Here, the defendant has completely failed to establish that any important witness (other than the plaintiffs, who have chosen this Massachusetts forum) is located in Maine.

In <u>Atari</u>, in contrast, transfer was justified because numerous important witnesses were located in New Jersey, where the incident occurred. Moreover, as the district court in Maine has itself recognized, "the distance between [the District of Maine] and the District of Massachusetts is too slight to create any true inconvenience to the parties, witnesses and counsel". <u>Ashmore v. Northeast Petroleum Division of Cargill, Inc.</u>, 925 F. Supp. 36, 40 (D. Me. 1996). For all of these reasons, the defendant has simply failed to establish that it is substantially more convenient to try this case in Maine. Plaintiffs' choice of forum should stand.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the plaintiffs respectfully request that the court enter an order denying defendant's motion to transfer venue.

The Plaintiffs,<br>
By Their Attorneys,<br><br>
/s/ Alan L. Cantor<br>
Edward M. Swartz<br>
BBO #489540<br>
Alan L. Cantor<br>
BBO #072360<br>
Swartz & Swartz<br>
10 Marshall Street<br>
Boston, MA 02108<br>
617-742-1900

### CERTIFICATE OF SERVICE

I, Alan L. Cantor, Esq., do hereby certify that I have served a copy of the foregoing document upon the defendants by mailing the same, first class mail, postage prepaid, via facsimile or other indicated mode of transmittal, to all counsel, to wit: Steven Key, Esq., Campbell, Campbell, Edwards & Conroy, One Constitution Plaza, Boston, MA 02109.

Dated: 9-07-04

/s/ Alan L. Cantor
Alan L. Cantor