UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
CONSTANCE FULLERTON                 )
and CHARLES FULLERTON,              )
     Plaintiffs                     )
                                    )
     v.                             )   CIVIL ACTION
                                    )   NO. 04-10931-REK
GENERAL MOTORS CORPORATION          )
     Defendant                      )
_____)
```

**Memorandum and Order**
October 13, 2004

### I.  Pending Matters

On October 13, 2004, this court heard arguments related to the following filings:

(1) Defendant's Motion to Transfer Case to Maine Federal District Court (Docket No. 5), Memorandum in Support (Docket No. 6), Affidavit in Support (Docket No. 7), and Appendix/Exhibit in Support (Docket No. 8) (filed August 23, 2004); and

(2) Plaintiffs' Opposition to Motion to Transfer Case (Docket No. 9) and Memorandum in Support (Docket No. 10) (filed September 7, 2004).

### II. Background

The plaintiffs, Constance Fullerton and her husband Charles Fullerton, have brought claims against General Motors Corporation for products liability and negligence. The plaintiffs allege that Constance Fullerton suffered serious personal injuries when her car, a 1990 Cadillac Coupe DeVille, slipped into reverse and pinned her against her garage door for several

hours. This court has jurisdiction based on diversity of citizenship. The defendant moves for the court to transfer venue to the District of Maine, pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that venue could properly be laid in Maine, as "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2).

### III. Grounds of Decision

The district court has discretion over whether to transfer a case to another district under § 1404(a). See Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). In deciding whether this presumption is overcome, the court must consider whether private and public interests clearly point towards trial in the alternative forum. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). I have previously described the private and public interests as follows:

> The private interests identified by Piper include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) any practical problems associated with trying the case most expeditiously and inexpensively. Piper, 454 U.S. at 241 n. 6, 102 S. Ct. 252 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)).
>
> The public interests include: (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in

> conflicts of laws, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion. Id.

Atari v. United Postal Service, Inc., 211 F. Supp. 2d 360, 362 (D. Mass. 2002). In that case, I noted that the convenience of the witnesses is probably the most important factor and is the factor most frequently mentioned. See id. I further noted that parties seeking to transfer venue should identify the key witnesses and their likely testimony. Id.

The parties are in some disagreement over the force of the presumption in favor of the plaintiffs' choice of forum. The defendant argues that the plaintiffs' choice is entitled to less weight when the plaintiff has not chosen his or her "home turf." See Transamerica Corp. v. Trans-American Leasing Corp., 670 F. Supp 1089, 1090 (D. Mass 1987). Several other district courts have also made this observation. See, e.g., Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 n.11 (D.D.C. 1991); Clopay v. Newell Companies, Inc., 527 F. Supp. 733, 736 (D. Del. 1981). In contrast, Judge Carter of the District Court in Maine noted that "[t]his circuit, however, has not established the rule, as some other circuits have, that when plaintiffs sue in a forum that is not their residence, their choice of venue is entitled to only minimal consideration." Ashmore v. Northeast Petroleum Div. of Cargill, Inc., 925 F. Supp. 36, 39 (D. Me. 1996). This view is concordant with the more recent First Circuit opinions affirming a "strong presumption" in favor of the plaintiffs' choice of forum. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000); see also Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719-720 (1st Cir. 1996) (discussing application of the presumption to *forum non conveniens*). Accordingly, I will give weight to the plaintiffs choice of forum, even though it is not their residence, as one factor among the other

considerations called for by § 1404(a).

The primary argument between the parties centers around the significance of the contacts with the two potential forums: Maine and Massachusetts. The defendant notes that the plaintiffs reside in Livermore Falls, Maine, and the accident occurred at their residence. The plaintiffs identify their own testimony as "critical," and both parties expect the plaintiffs to testify. The defendant has also identified the emergency response crew from the Livermore Falls Fire Department and the medical personnel who treated Ms. Fullerton as additional witnesses who are likely to reside in Maine. The defendant also argues that the State of Maine has an interest in resolving this lawsuit because the accident occurred there and plaintiffs' long-term losses will be felt in that state. In response, the plaintiffs identify the following connections with Massachusetts: (1) the first sale of the vehicle occurred in Massachusetts; (2) at least one previous owner resided in Massachusetts and presumably serviced the vehicle in Massachusetts; (3) the plaintiffs have chosen to bring suit in Massachusetts; and (4) the attorneys of both parties are located in Massachusetts and Minnesota, not Maine. The plaintiffs also note that none of the parties' named experts reside in Massachusetts or Maine, and that Massachusetts and Maine are in close proximity.

I am satisfied with the defendant's showing that the convenience of witnesses weighs heavily in favor of transfer. The testimony of the medical and emergency response personnel will be important to demonstrating damages and for corroborating or refuting plaintiffs' account of the events. It is true that the court in Ashmore, 925 F. Supp. at 39, described the distance between the court in the District of Maine and this court as "too slight to create any true inconvenience." That statement, however, should not be read as creating a *per se* bar against

transfers between the two courts. Rather, it should be noted that in that case, many of the witnesses were located in Northeast Massachusetts and New Hampshire, and that the defendant had better relative financial strength than the plaintiff and so was better able to absorb the cost of litigating in a distant forum. Id. at 39-40. Of course, General Motors has greater financial strength than the plaintiffs in this action as well. This court, however, also must be concerned with the inconvenience and financial burden to the non-party witnesses in Maine. Turning a one-hour trip from Livermore Falls to Portland into a three-hour trip to Boston is unnecessary, and a great burden to these witnesses. Finally, I note that if trial were held here in Boston, this court's subpoena power would be unlikely to reach many of the witnesses. Livermore Falls is over 160 miles from this court, so many witnesses may not be subject to the 100-mile "bulge" rule extending subpoena power beyond the court's own district. See Fed. R. Civ. P. 45(b)(2). This private factor makes trial in Boston less practicable than trial in Portland.

      I agree with the plaintiffs' characterization of their own testimony as "critical," but find that the testimony of the other witnesses located in Maine is likely to be equally essential to an eventual trial. Plaintiffs have brought this action in Massachusetts, and I treat their decision as showing that it is more convenient for them to try the case in Massachusetts. It would be a great inconvenience to every other important witness in this case, however, for the case to be heard in Massachusetts rather than Maine. Although the plaintiffs may be willing to travel to Boston for trial, the other witnesses might not, and this court may not have the power to command those witnesses to appear.

      The witnesses named by the plaintiffs that reside in Massachusetts are exceedingly unlikely to have any bearing on an eventual trial. The plaintiffs have not demonstrated that the

new car dealer, a previous owner, or a previous mechanic would have any probative testimony on an accident that occurred at least 10 years after any of those people were involved with the automobile. Furthermore, the plaintiffs have not shown that these witnesses' testimony rebuts the defendant's demonstration that the convenience of the witnesses weighs heavily in favor of Maine as a forum. Finally, the location of the plaintiffs' lawyer is of minor importance compared to the inconvenience that would be caused to the many witnesses from Maine. Indeed, their lawyer may well be the only person who needs to travel from Boston to Maine for trial.

      I also find that the public interests weigh in favor of transferring this case to Maine. The State of Maine's interests stem from the residency of the victims, the residency of the likely witnesses, the place of the accident, and location of the continuing long-term loss. The determination of this case will have a bearing on the safety of other Maine residents in similar situations to the Fullertons. Massachusetts has an interest in regulating the safety of automobiles because the vehicle was sold here. But the vehicle was not manufactured in Massachusetts, and this vehicle could just as well have been originally sold in Maine. Any ruling on the safety of this vehicle will have an effect on automobile safety in Maine as well as Massachusetts. The injury was suffered by a Maine resident, so Maine's interest in regulating the safety of automobiles in this case is stronger than Massachusetts' interest.

      Finally, Massachusetts courts would be likely to apply Maine law to this case. "The law of Massachusetts is that ordinarily 'the substantive law governing an action of tort for physical injury is that of the place where the injury occurred.'" Cohen v. McDonnell Douglas Corp., 450 N.E. 2d 581, 584 (Mass. 1983). At this stage it has not been established that a conflict between Maine and Massachusetts law exists, but if conflicts arise during the litigation, it appears

6

likely that they would be resolved in favor of Maine's law. Therefore the public interests in avoiding application of foreign law and having a forum that is at home with the law of the case favor transfer to Maine.

The only significant connection that Massachusetts has with this case is the fact that the plaintiffs have filed suit here. That fact alone is entitled to some weight, but it could not serve as the sole basis for holding a trial here, when all of the other factors point in the direction of Maine.

### Order

For the foregoing reasons, it is ORDERED:

(1) Defendant's Motion to Transfer Case to Federal District Court in Maine (Docket No. 5) is ALLOWED.

                                            /s/Robert E. Keeton
                                            Robert E. Keeton
                              Senior United States District Judge